IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOSE SANTOS AMAYA DIAZ,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: RWT 11cv1856 |
| **HBT, Inc. d/b/a APOLLO RESTURANT** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On July 7, 2007, Plaintiff filed a four count Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. Doc. No. 1. Plaintiff maintains that he worked in excess of seventy hours per week at the Apollo Restaurant and that Defendant paid him less than minimum wage and failed to pay him overtime wages for the hours worked in excess of forty hours per week. Defendant filed a motion to dismiss on August 19, 2011. Doc. No. 5. Plaintiff filed his opposition on August 22, 2011, Doc. No. 7, to which Defendant replied on September 8, 2011. Doc. No. 11. A hearing on the motion was held on January 30, 2012.

Defendant employed Plaintiff as a busboy and dishwasher from February 2007 through June 26, 2011. Compl. ¶¶ 3-4. Plaintiff states that his normal work schedule was Monday through Saturday from 6:45 a.m. until 8:30 p.m. and Sunday from 8:00 a.m. until 2:30 p.m. *Id.* ¶ 9. Defendant paid Plaintiff a weekly salary of $430 as full compensation for the approximately 70 hours he worked each week. *Id.* ¶ 7-8. Plaintiff maintains that Defendant did not pay him overtime wages in the amount of one and one half times his regular salary. *Id.* ¶ 10. Plaintiff's

hourly wage rate was approximately $6.14, which is less than the federal and state minimum wage, $7.25.[1]  Plaintiff maintains that he performed basic food preparation services.  Doc. No. 7 at 2.  Plaintiff alleges that on Saturdays he would drive to Restaurant Depot in Virginia to pick up food products.  *Id.* Plaintiff maintains that he had "personal knowledge" that Defendant purchased and sold food products that were grown outside of Maryland and that Plaintiff regularly handled them at his job.  *Id.*

I.   **Standard of Review**

   a.  **Motion to Dismiss Based on 12(b)(1)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of whether a court has the authority to hear and decide a case.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  A court may grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction."  *Id.* (citations omitted).  "In a Rule 12(b)(1) motion, the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quotation omitted).  When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff.  *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.3d 765, 768 (4th Cir. 1991).

---

[1] Historical hourly wage rates are: 2007: Federal $5.15, Maryland $6.15; 2008 Federal $5.85, Maryland $6.15; 2009 Federal $6.55, Maryland $6.55; 2010 Federal $7.25, Maryland $7.25.  *See* UNITED STATES DEP'T OF LABOR, WAGE AND HOUR DIVISION, CHANGES IN BASIC MINIMUM WAGES IN NON-FARM EMPLOYMENT UNDER STATE LAW: SELECTED YEARS 1968 TO 2012, *available at* http://www.dol.gov/whd/state/stateMinWageHis.htm

**II.     Analysis**

Defendant argues that this Court lacks jurisdiction over Plaintiff's FLSA claim because "Plaintiff fails to articulate how he or any of the employees participate in the channels of commerce and how this Plaintiff comes under the jurisdiction of the FLSA."  Doc. No. 5 at 1. Plaintiff maintains that this Court has jurisdiction over his claim because Defendant is an enterprise engaged in commerce as defined by the FLSA.

Counts I and II of the Compliant allege violations of Section 206 and 207 of the FLSA. Section 206 requires that employers pay an employee "*engaged in commerce or the production of goods for commerce*, **or** [who] is employed in an *enterprise engaged in commerce* or in the production of goods for commerce" the minimum wage set by statute.  29 U.S.C. § 206(a)(1) (emphasis added).  Section 207 prohibits employers from employing such workers for more than forty hours per week unless the employer pays the employee at the rate of one and one-half times his regular rate for the hours worked in excess of forty hours.  *See id.* at § 207(a)(1).  This statutory language indicates that an employer is subject to the FLSA if one of two prerequisites is satisfied: (1) an employee is engaged in commerce or the production of goods for commerce ("covered employee") or (2) the employer is an enterprise engaged in commerce or in the production of goods ("enterprise coverage").  *See, e.g.*, *Rains v. E. Coast Towing & Storage*, ___ F. Supp. 2d ___, 2011 WL 5121124, at *2 (E.D. Va. Sept. 20, 2011) ("There are two general ways employers become covered.").

The enterprise coverage standard refers a court to the definition section of the FLSA to determine if a two-part inquiry is satisfied to subject an employer to the FLSA.  *See Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) ("The FLSA covers all employees,

regardless of the type of work they perform, if they are employed by an enterprise engaged in commerce as defined by Section 3(s) of the statute."). Section 3(s), in relevant part, provides:

> Enterprise engaged in commerce or in the production of goods for commerce means an enterprise that-
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, *or* that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C. § 203(s)(1)(A)(i-ii) (emphasis added).

A plaintiff alleging a FLSA violation based on the enterprise coverage standard must satisfy two prongs. Initially, a plaintiff must demonstrate that the employer has annual gross volume of sales or business done of $500,000 or more. *See Russell*, 430 F. Supp. 2d at 524; 29 U.S.C. § 203(s)(1)(A)(ii). A court will than determine if the employer either (1) has employees engaged in commerce or the production of goods for commerce **or** (2) has employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1)(A)(i).

Subsection (i) "has two distinct prongs from which an employer can qualify as an enterprise under the statute." *Diaz v. Jaguar Rest. Group*, 649 F. Supp. 2d 1343, 1347 (S.D. Fla. 2009). The second prong, on which Plaintiff relies in this case, mandates that "[l]ocal business activities are subject to the Act when the enterprise employs workers who handle goods or materials that have moved in interstate commerce." *Dole v. Odd Fellows Home Endowment Bd.*, 912 F.2d 689, 693 (4th Cir. 1990). "[I]t is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have

moved or have been produced in interstate commerce." *Brock v. Hamad*, 867 F.2d 804, 808 (4th Cir. 1989). "The requisite connection to interstate commerce is shown where an employer has at least one employee who regularly ordered, received, and handled goods (such as food, liquor, and linens . . .) that originated outside the [state]." *Martin v. Deiriggi*, 985 F.2d 129, 133 n.2 (4th Cir. 1992). The Code of Federal Regulations explains:

> An enterprise . . . will be considered to have employees engaged in commerce or in the production of goods for commerce, including the handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person, if . . . it regularly and recurrently has at least two or more employees engaged in such activities. On the other hand, it is plain that an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition.

29 C.F.R. § 779.238.

If an employee fails to demonstrate that the employer satisfies the enterprise coverage standard, he can still establish that the employer is subject to the FLSA under the covered employee standard. *See Russell*, 430 F. Supp. at 524 ("Even if an employer does not meet the enterprise engaged in commerce requirements, the FLSA's provision may cover a particular employee if the employee was engaged in commerce or in the production of goods."). The two standards, however, are different and distinct. *See Diaz*, 649 F. Supp. 2d at 1356 ("The statutory definition for enterprise coverage . . . does not apply to employees with direct participation in the actual movement of things in interstate commerce. That is a far narrower test found in the first prong of [§ 203(s)(1)(A)(i)].)".

Defendant, relying on *Russell*, maintains that the Apollo is not an enterprise engaged in commerce as defined by the FLSA because none of the employees is engaged in commerce or the production of goods. Defendant's argument is incorrect and based on a misreading of Judge Williams's opinion in *Russell*.

In *Russell*, Judge Williams granted the defendant restaurant's motion to dismiss based on a lack of subject matter jurisdiction because the restaurant did not satisfy either prong of 29 U.S.C. § 207. It was not an enterprise engaged in commerce within the jurisdictional provisions of the FLSA (enterprise coverage) **and** the plaintiff waitress's responsibilities did not involve direct participation in commerce (covered employee).

First, the court found that the defendant was not an enterprise engaged in commerce because it did not "have annual gross volume of sales made or business in excess of $500,000" pursuant to 29 U.S.C. § 203(s)(1)(A)(ii). 430 F. Supp. 2d at 524. Next, after extensive discussion, the Court concluded that the waitress did not satisfy the FLSA's covered employee test because she was not engaged in commerce or in the production of goods. *See id.* at 524-27.

Here, Defendant's reading of *Russell* improperly combines Judge William's analysis of enterprise coverage with his analysis of the covered employee test. Defendant argues that "[n]one of Apollo's employees are [sic] engaged in commerce within the definition of FLSA" because none of the employees "participate[s] in the channels of commerce." Doc. No. 5 at 3 (citing *Russell*, 430 F. Supp. 2d at 525). Defendant, however, incorrectly reads the opinion as deciding that one waitress's activities did not satisfy the covered employee test as meaning that a restaurant is not subjected to the FSLA enterprise standard. The Court, however, held that the restaurant did "not meet the FLSA enterprise standard" because its gross sales volume was less than $500,000. *Russell*, 430 F. Supp. 2d at 524. The Court did not address the second prong of § 203(s)(1)(A)(i) for the FLSA enterprise standard requirement, which is at issue here. The covered employee test, on which Defendant appears to rely, is a much different standard and is not the basis of Plaintiff's claim. *See Diaz*, 649 F. Supp. 2d at 1356.

In *Russell*, Judge Williams correctly decided that the defendant did not satisfy the enterprise coverage standard because the parties did not dispute that the defendant's annual gross volume of sales was less than $500,000. In the instant case, however, the parties have not disputed that Defendant's gross volume of sales **exceeds** $500,000. Plaintiff argues that Defendant's motion to dismiss should be denied because the Apollo is an enterprise engaged in commerce based on the second prong of § 203(s)(1)(A)(i), namely that two or more employees handled, sold, or otherwise worked on goods that have previously moved through interstate commerce. Plaintiff's reliance on *Diaz* demonstrates that Defendant is an enterprise engaged in commerce as defined by the FLSA.

In *Diaz*, the Southern District of Florida determined that a restaurant could be considered an enterprise engaged in commerce based on the second prong of § 203(s)(1)(A)(ii). The court, after discussing the history and amendments of the FLSA, *see Diaz*, 649 F. Supp. 2d at 1348-55, concluded that although restaurant workers "do not directly participate in commerce" the restaurant at which they are employed "does by using materials that at some point along the chain traveled in interstate commerce." *Id.* at 1355; *see also Dole*, 912 F. 2d at 695 (finding that a home for the infirm whose employees prepared and served food, washed laundry, and performed maintenance tasks for residents, was covered by the FLSA because "the Home's employees handled goods or materials that moved in interstate commerce"). The court found that "most, if not every, Circuit Court that has spoken on the issue construed the 1974 FLSA amendments as expanding enterprise coverage to virtually all employers, so long as that employer satisfies the $500,000 gross sales requirement." *Id.* at 1359 (quotation and internal bracketing omitted).

Here, Plaintiff maintains that he performed basic food preparation services. Doc. No. 7 at 2.[2] Plaintiff alleges that on Saturdays he would drive to Restaurant Depot in Virginia to pick up food products. *Id.* Plaintiff maintains that he had "personal knowledge" that Defendant purchased and sold food products that were grown outside of Maryland and that Plaintiff regularly handled them at his job. *Id.* Rather than countering this argument, Defendant relies on *Russell* and contends that the plaintiff did not "engage[] in interstate commerce." Doc. No. 11 at 2. As discussed above, "[l]ocal business activities are subject to the Act when the enterprise employs workers who handle goods or materials that have moved in interstate commerce." *Dole*, 912 F.2d at 693; *Diaz*, 649 F. Supp. 2d at 1347; *see also* 29 C.F.R. § 779.238. Here, Plaintiff has alleged that he and other employees handle, sell, or otherwise work on goods or materials that have moved in or have been produced for commerce by any person. Indeed, it would be a rare occurrence in cases of this nature that a defendant satisfies the volume of sales requirement of 29 U.S.C. § 203(s)(1)(A)(ii), but not satisfy the § 203(s)(1)(A)(i) requirement. It is difficult to imagine a defendant employer in the twenty-first century that does not have employees who handle, sell, or otherwise work on goods or materials that have moved in or have been produced for commerce by any person.

---

[2] Plaintiff relies on his affidavit for this factual information, and a court is permitted to look beyond the pleadings when determining if it has subject matter jurisdiction on a Rule 12(b)(1) motion. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.3d 765, 768 (4th Cir. 1991*).*

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be denied. A separate order follows.

January 31, 2012  /s/
Date  Roger W. Titus
 United States District Judge